# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE WASHINGTON,<br><br>       Petitioner,<br><br>    v.<br><br>TIM VIRGA, Warden,<br><br>       Respondent. | Case No.: 1:13-cv-00175-LJO-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (Doc. 21)<br><br>ORDER FOR PETITIONER TO FILE REGULAR STATUS REPORTS<br><br>ORDER GRANTING MOTION TO FILE TRAVERSE IN EXCESS OF PAGE LIMIT (Doc. 20) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 30, 2013. (Doc. 1). On April 4, 2013, Respondent filed an answer. (Doc. 13). On May 23, 2013, Petitioner filed his Traverse along with the instant motion to file a Traverse in excess of the permitted page limit. (Docs. 19 & 20). On June 14, 2013, Petitioner filed the instant motion to stay proceedings in this case while he exhausts additional claims in state court regarding ineffective assistance of trial and appellate counsel. (Doc. 21). Respondent has not filed an opposition to the motion to stay proceedings.

# DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, in 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. When a petitioner has met these requirements, his interest in obtaining

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner has timely filed a federal habeas petition containing claims that appear to be entirely exhausted. He has also already initiated, or is seeking to initiate, state court habeas proceedings to exhaust additional claims which he hopes to be able to include in the instant petition. Although waiting to exhaust one's claims until after the answer has been filed is not necessarily indicative of great diligence, the record does not disclose any overt effort by Petitioner to harass or delay the proceedings nor does it appear that Petitioner is engaging in intentionally dilatory conduct. Although the Court is not prepared at this time to make an assessment of the merits of the proposed ineffective assistance of counsel claims that Petitioner wishes to exhaust, a preliminary review of those claims, as outlined in the motion for stay of proceedings, would suggest that Petitioner will be able to allege constitutional violations sufficient to confer jurisdiction on the Court. Moreover, it appears that Petitioner is proceeding in good faith, albeit rather haltingly and slowly, and that, by granting the requested stay, any prejudice to Respondent would be minimal.

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[1] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with

---

[1] The filing should be entitled "Status Report."

3

these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.  Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 21), is GRANTED;
2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies vis-à-vis his two claims of ineffective assistance of counsel;
3. Petitioner is DIRECTED to file a first status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;
4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report; and
5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims; and,
6. Petitioner's motion to file a Traverse in excess of the page limit (Doc. 20), is GRANTED.

IT IS SO ORDERED.

Dated:   **September 19, 2013**                    **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE