UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE WASHINGTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TIM VIRGA, Warden,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00175-LJO-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION (Doc. 23)<br><br>ORDER LIFTING STAY OF PROCEEDINGS (Doc. 21)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED AMENDED PETITION (Doc. 24)<br><br>ORDER REQUIRING RESPONDENT TO FILE SUPPLEMENTAL ANSWER WITHIN SIXTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on January 30, 2013. (Doc. 1). On April 4, 2013, Respondent filed an Answer. (Doc. 13). On May 23, 2013, Petitioner filed his Traverse along with the instant motion to file a Traverse in excess of the permitted page limit. (Docs. 19 & 20). On June 14, 2013, Petitioner filed the instant motion to stay proceedings in this case while he exhausts additional claims in state court regarding ineffective assistance of trial and appellate counsel. (Doc. 21). Respondent had not filed an opposition to the motion to stay proceedings. On September 20, 2013, the Court granted Petitioner's motion for stay of proceedings. (Doc. 22). On September 23, 2013, Petitioner

1

filed the instant motion to amend the petition with his newly exhausted claims; Petitioner also lodged with the Court his proposed first amended petition. (Docs. 23 & 24).  In a status report filed on October 2, 2013, Petitioner indicated that on September 11, 2013, he had now fully exhausted the issues he wished to include in the first amended petition.  (Doc. 25).

## DISCUSSION

Petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  Here, Respondent had already filed a response.  Thus, leave of Court is required for any amendment to the petition.

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case). In its previous order, the Court considered all of the above factors except for futility in deciding Petitioner's motion for stay of proceedings.  The Court defers any final determination on futility until after Respondent files a supplemental response to the newly amended claims.   Put another way, by granting the amendment, the Court expresses no view on whether the proposed amendments may be barred by procedural default, the statute of limitations, or some other principle of federal habeas law not presently obvious from the record now before the Court.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion to file an amended petition (Doc. 23), is **GRANTED**;
2. The Clerk of the Court is **DIRECTED** to file the lodged first amended petition (Doc. 24);
3. The stay of proceedings issued on September 20, 2013 (Doc. 22), is **LIFTED**;

4.  Respondent is permitted to file a supplemental Answer regarding issues raised in the first amended petition (Doc. 24), within sixty days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **October 10, 2013**                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE